ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK



RECEIVED
DEC 19 2012
PRO SE OFFICE

---

KIM DEPRIMA,
        PLAINTIFF

Vs.

CITY OF New York DEPARTMENT OF
EDUCATION,
        DEFENDANT

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

---

COMES NOW THE PLAINTIFF, KIM DEPRIMA and amends the original COMPLAINT against the DEFENDANT, CITY OF NEW YORK DEPARTMENT OF EDUCATION and moves this honorable court in the United States District Court for the Eastern District of New York for a trial by jury at the time and place appointed by this court.

### AMENDED JURISDICTIONAL STATEMENT

This action is brought pursuant to the 14th Amendment of the United States Constitution under the Due Process Clause of that Amendment. This action also arises under section 1983 of Title 42 of the United States Code for deprivation of rights. This action also arises under Title VII of the Civil Rights Act of 1964 because the Plaintiff was intentionally discriminated against by the Defendants. The Plaintiff further brings this action pursuant to Title 28 of the United States Code, Sections 1331 and 1343.

### AMENDED CAUSES OF ACTION

Plaintiff re-alleges in this Amended Complaint the Seventy Two Causes of Action that have been alleged in the Original Complaint in their entirety. They should be included herein and throughout by reference.

### FIRST AMENDED CAUSE OF ACTION:

Plaintiff has been intentionally discriminated against by the Defendants because it reached beyond the professional realm of tolerance to Plaintiff's private life to institute proceedings designed to deprive her of a protected private property interest.

**SECOND AMENDED CAUSE OF ACTION:**

Plaintiff had not materially disrupted the educational interests of the Defendant when her employment was terminated; Plaintiff had not undermined the authority of the Defendant; and Plaintiff did not affect in any negative way any working relationship at the specific places of employment where she worked nor had the relationship of the Defendant been negatively affected. They terminated her employment to achieve the goal that it sought when she had been found guilty on a more serious charge in a prior 3020(2) hearing in 2009 which was not the result that the Defendant's desperately sought.

**THIRD AMENDED CAUSE OF ACTION:**

Plaintiff enjoyed a protected liberty interest in the private dealings of her life under the First Amendment so that any such behavior; not affecting her ability to effectively teach; or any behavior that was found to not be criminal; would not reach the Defendants to be used in a manner that would deprive the Plaintiff of her protected property interest.

**FOURTH AMENDED CAUSE OF ACTION:**

Under New York State Law; Executive Law Section 296(16) and Criminal Procedure Law Section 160.60 both recognized this constitutionally protected liberty interest and prevented the Defendants from using adverse information in a criminal proceeding (which was resolved in the Plaintiff's favor) against her in a later adverse proceeding. The use of information from the adverse proceeding was discriminatory and it caused the unfair termination of the Plaintiff's employment.

**FIFTH AMENDED CAUSE OF ACTION:**

Defendants had available to them other remedies that were less severe to reprimand Plaintiff to address the finding that there was negative media coverage regarding the private dealings of her life. Those remedies included probation, suspension, and citation. Defendants choose termination because it had been seeking Plaintiff's termination years before and used this incident as a tactical advantage to justify terminating her employment, thus it has discriminated against Plaintiff.

**SIXTH AMENDED CAUSE OF ACTION:**

Defendants have never cited or reported that the Plaintiff had been found to be incapable of teaching students in the classroom at any time during her tenured teaching history. They have never cited any parental or student complaint or policy that was violated by the Plaintiff which would impact upon her ability to effectively teach or be impressionable upon students. They have not identified any public source or impact that the school district suffered as a result of the private behavior of the Plaintiff. Indeed, all findings have been to the contrary. Thus, Defendants have discriminated against Plaintiff for the sole purpose of terminating her employment because of a previous incident in which it was unable to secure her termination.

**SEVENTH AMENDED CAUSE OF ACTION:**

Defendant has used and made false accusations against the Plaintiff to support its decision to terminate her employment in violation of the law and which demonstrated its pattern of discrimination against the Plaintiff to achieve her termination.

**EIGHTH AMENDED CAUSE OF ACTION:**

The actual reason for the Defendant's adverse action in terminating Plaintiff was discrimination and to exact revenge on Plaintiff for succeeding in securing her employment in a prior proceeding at which Defendant strongly advocated for Plaintiff's termination, they did not succeed.

**NINTH AMENDED CAUSE OF ACTION:**

Defendants discriminated against Plaintiff by exacting revenge upon her through frivolous and arbitrary charges throughout the two years after Plaintiff succeeded in securing her employment at the 2009 3020(a) hearing. Many of those charges were found to be without merit and in certain cases to be completely false. Thus, the behavior of the Defendants in exacting revenge was discriminatory.

**TENTH AMENDED CAUSE OF ACTION:**

Defendants discriminated against plaintiff because it is clear that revenge was the purpose of securing the Plaintiff's termination. At the 2009 hearing, Plaintiff's behavior was found to not warrant termination because Plaintiff could not be held liable for the dogs getting loose on the property and that her behavior did not rise to level of impacting her ability to teach in her classroom and be impressionable upon her students. Defendants disagreed and instituted a constant systematic attack designed to tactically achieve the Plaintiff's termination.

**ELEVENTH AMENDED CAUSE OF ACTION:**

Because Plaintiff was only suspended without pay for a three month period at the 2009 hearing, it is clear that Defendants had alternative remedies available to it that it could have imposed upon the Plaintiff for the less severe conduct of causing negative publicity to the district which emanated from a private life matter where Plaintiff was found to not be criminally liable. Defendants sought the most severe punishment because it was exacting revenge on Plaintiff after failing to secure her employment in what it viewed as a more serious act.

**TWELFTH AMENDED CAUSE OF ACTION:**

Revenge was the goal of the Defendants because they felt that the 2009 award was not sufficient punishment. Each charge that it filed after that hearing and award sought

termination for things such as absences and evidence submitted in support of validating sick day absences. Termination in these instances were also rejected. Defendants continued focus on Plaintiff's private life behavior of the Plaintiff was viewed as the opportunity to finally achieve Plaintiff's termination. Defendants took discriminatory steps, acts, practices and prejudicial steps to achieve her termination.

**THIRTEENTH AMENDED CAUSE OF ACTION:**

Defendants have discriminated against the Plaintiff and exacted revenge by terminating her employment in a discriminatory practice because the Defendants are subjected to negative media coverage every day caused by the decisions of senior officials, yet none of those individuals are terminated even when they have a history of making controversial decisions. They have not treated her equally or fairly.

Plaintiff prays for relief and any other relief that is appropriate by this court. Plaintiff has re alleged all seventy-two causes of action in the original complaint and has done so herein and by reference and seeks any and all relief sought in the original complaint. Plaintiff asks this court to consider this amended complaint in its totality with the original complaint.

WHEREFORE PLAINTIFF attests that the facts listed above are true and correct to the best of her knowledge and prays that the court grant the relief sought on the facts claimed above.

_____
Kim DePrima
PLAINTIFF

Dated This 13 Day of December, 2012

12/19/2012