UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KIM DEPRIMA,

                                        Plaintiff,

-against-

CITY OF NEW YORK DEPARTMENT OF
EDUCATION,

                                                Defendant.
------------------------------------------------------------------------ X

**DEFENDANT'S NOTICE OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

12-CV-3626 (MKB)(LB)

**PLEASE TAKE NOTICE** that upon the annexed Notice to *Pro Se* Litigant Opposing a Motion to Dismiss, dated March 1, 2013, the annexed Declaration of Benjamin Welikson, dated March 1, 2013, and the exhibits annexed thereto, and upon the accompanying Memorandum of Law in Support of defendant City of New York Department of Education's Motion to Dismiss the Second Amended Complaint, dated March 1, 2013, and all other pleadings and proceedings had herein, defendant City of New York Department of Education will move this Court, at the United States Courthouse, located at 500 Pearl Street, New York, New York, at a date and time to be set by the Court, for an order, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, dismissing the Second Amended Complaint in its entirety on the grounds that: (1) Plaintiffs Due Process, Equal Protection, First Amendment, and Human Rights Law Claims are precluded by the doctrine of collateral estoppel; (2) Plaintiff has failed to adequately state any First Amendment, Due Process, Equal Protection, or Title VII claims; and (3) The Court lacks jurisdiction over plaintiff's Human Rights Law claim because it is barred by plaintiff's election of remedies, and granting defendant City of New York Department of Education costs and fees, together with such other and further relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant the schedule Ordered by the Court, answering papers, if any, are to be served upon the undersigned on or before April 1, 2013, and reply papers, if any, are to be served upon the *pro se* plaintiff on or before April 15, 2013, and oral argument will be held on a date and at a time to be designated by the Court.

**PLEASE TAKE FURTHER NOTICE,** that pursuant to Rule 12 of the Federal Rules of Civil Procedure, in the event that this motion is denied, in whole or in part, defendant City of New York Department of Education respectfully requests 30 days from docketing of the order denying the motion in which to answer the Second Amended Complaint.

Dated: New York, New York
March 1, 2013

        MICHAEL A. CARDOZO
        Corporation Counsel of the
         City of New York
        Attorney for Defendant
        100 Church Street, Room 2-122
        New York, New York 10007-2601
        (212) 788-0924
        bwelikso@law.nyc.gov

By:      **/s**
        Benjamin Welikson
        Assistant Corporation Counsel

TO: Kim DePrima
     Pro se Plaintiff
     158 Willowbroock Road
     Staten Island, NY 10302
     (718) 442-2907
     (VIA FIRST CLASS MAIL)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KIM DEPRIMA,

                                                      Plaintiff,

-against-

CITY OF NEW YORK DEPARTMENT OF
EDUCATION,

                                                      Defendant.

**NOTICE TO PRO SE LITIGANT OPPOSING MOTION TO DISMISS**

12-CV-3626 (MKB)(LB)

------------------------------------------------------------------------ x

        **PLEASE TAKE NOTICE** that pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Rule 12.1 of the Local Civil Rules of the United States District Court for the Eastern District of New York, defendant City of New York Department of Education ("defendant"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, hereby notifies the plaintiff that:

        1.     Defendant City of New York Department of Education has moved to dismiss the complaint in this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. This means that said defendant has asked the Court to decide this case without a trial, based on written materials submitted in support of its motion. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, **THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT TRIAL IF YOU DO NOT RESPOND TO THIS MOTION** by filing sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at

trial. The full text of Rule 56 of the Federal Rules of Civil Procedure is annexed hereto as Exhibit "A."

2. In short, Rule 56 provides that you may NOT oppose the defendant's motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements, or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements must be submitted in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion.

3. If you do not respond to defendant's motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in the defendant's favor without a trial.

4. If you have any questions, you may direct them to the Pro Se Office.

Dated: New York, New York
March 1, 2013

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-122
New York, New York 10007-2601
(212) 788-0924
bwelikso@law.nyc.gov

By:        **/s**
      Benjamin Welikson
    Assistant Corporation Counsel

**EXHIBIT A**

# FEDERAL RULES OF CIVIL PROCEDURE

**RULE 56. Summary Judgment**

**(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:

    (1) 20 days have passed from commencement of the action; or

    (2) the opposing party serves a motion for summary judgment.

**(b) By a Defending Party.** A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(c) Serving the Motion; Proceedings.** The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

**(d) Case Not Fully Adjudicated on the Motion.**

    (1) *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.

    (2) *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) Affidavits; Further Testimony.**

    (1) *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

    (2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing

party does not so respond, summary judgment should, if appropriate, be entered against that party.

**(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

**(g) Affidavit Submitted in Bad Faith.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

12-CV-3626 (MKB)(LB)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| KIM DEPRIMA,<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK DEPARTMENT OF EDUCATION,<br><br>Defendant. |
| **DEFENDANT'S NOTICE OF MOTION TO DISMISS, LOCAL RULE 12.1 NOTICE AND DECLARATION OF BENJAMIN WELIKSON IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT.** |
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel of the City of New York*<br>Attorney for Defendant<br>100 Church Street, Room 2-122<br>New York, N.Y. 10007-2601<br>bwelikso@law.nyc.gov<br>Of Counsel:   Benjamin Welikson<br>Tel:             (212) 718-0924<br>Matter No.: 2012-032323 |
| *Due and timely service is hereby admitted.*<br><br>*Dated:* New York, N.Y.  ......................................, 2013<br><br>Signed:  ............................................................................<br><br>Attorney for.......................................................................  |