SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

In the Matter of the Application of

KIM DePRIMA,

                            Petitioner,

        -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                            Respondent.

DCM PART 6

HON. PHILIP G. MINARDO

DECISION AND ORDER

Index No.: 80343/2011

Motion No. 1911-001

The following papers numbered 1 to 3 were fully submitted on the 9th day of February, 2012.

                                                                   Papers Numbered

Petitioner KIM DePRIMA's Order to Show Cause, dated December
2, 2011, with Exhibits and Supporting Papers                           1

Respondent NEW YORK CITY DEPARTMENT OF EDUCATION's
Cross-Motion, dated February 2, 2012, with Exhibits and Supporting
Papers                                                                                  2

Petitioner KIM DePRIMA's Reply, dated February 14, 2012                   3

        Petitioner KIM DePRIMA (hereinafter "DePRIMA") commenced this proceeding against respondent NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE"), pursuant to CPLR article 75, to vacate a determination of an arbitrator made pursuant to Education Law §3020-a. The arbitrator sustained certain charges against DePRIMA and terminated her employment as a teacher with the DOE.

        After a hearing, the arbitrator issued a 33 page Opinion and Award which supported a finding against DePRIMA for conduct unbecoming her profession as a teacher and also found that

the publicity surrounding the subject incident had caused the DOE to suffer negative publicity. Specifically, the arbitrator concluded that DePRIMA had acted in concert with another individual in a shooting incident involving DePRIMA's ex-boyfriend which took place on Staten Island. Although, the person who was present with DePRIMA at the scene of the shooting and the alleged victim changed their version of the incident when they testified at the hearing, the arbitrator concluded that their statements made at the scene of the crime and at the police station were more believable. The arbitrator found by the preponderance of the evidence that DePRIMA's witnesses were inconsistent, illogical, and incredible and that the appropriate penalty would be termination.

DePRIMA contends that the arbitrator's decision should be vacated on numerous grounds including New York State and Human Rights Law §296.16 and the "Equal Protection Rights under the 14th Amendment". Primarily, DePRIMA alleges that as a result of the criminal charges against her being dismissed and sealed, the arbitrator should be precluded from using any information from that proceeding in the arbitrator's determination.

The court is mindful that a finding of an arbitrator "is subject to 'closer judicial scrutiny' under CPLR 7511(b) than it would otherwise receive" when the "obligation to arbitrate arises through a statutory mandate" such as Education §3020-a (*Powell v. Bd. of Educ. of Westbury Union Free School Dist.,* 91 AD3d 955 [2012], quoting *Matter of Saunders v. Rockland Bd. of Coop. Educ. Servs.,* 62 AD3d 1012, 1013 [2009]). In particular, the finding by the arbitrator "must have evidentiary support and cannot be arbitrary and capricious" (*Powell, supra.,* at 955). However, "when reviewing compulsory arbitrations in education proceedings such as this, the court should accept the arbitrator's credibility determinations, even when there is conflicting evidence and room for choice exists" (*Powell, supra.,* quoting *Matter of Saunders v. Rockland Bd. of Coop. Educ.*

*Servs.,* 62 AD3d at 1013).

In her Opinion and Award, the arbitrator found that based on the "credible evidence" that DePRIMA was "actively involved" in the incident; that DePRIMA "contrived" her purported reason for being at the subject premises; that it was "more likely than not that" DePRIMA initiated the plan to threaten her ex-boyfriend; that DePRIMA had a motive for such threat; and that DePRIMA's conduct was "consistent with being an active participant in the night's horrific events rather than being simply an innocent observer". In addition, the arbitrator sustained a finding that the publicity surrounding this event caused significant negative notoriety to the DOE.

In her Petition, DePRIMA contends that the decision was arbitrary because her ex-boyfriend testified at the hearing that DePRIMA did not threaten him and that DePRIMA had nothing to do with the criminal act. However, the court finds no rational basis to overturn the determinations made by the arbitrator with regard to the credibility of the witnesses (see, *Powell, supra.,*). Therefore, DePRIMA has failed to demonstrate that the arbitrator's decision was not supported by the evidence and/or that it was arbitrary or capricious.

Accordingly, it is

ORDERED, that petitioner KIM DePRIMA's Order to Show Cause, dated December 2, 2011, to vacate or modify the Opinion and Award, dated November 11, 2011, is denied in its entirety; and it is further

ORDERED, that Respondent NEW YORK CITY DEPARTMENT OF EDUCATION's Cross-Motion, dated February 2, 2012, to dismiss the Petition, and to confirm the arbitration award pursuant to CPLR 7511(e) is granted.

ORDERED, that the Clerk enter judgment accordingly.

This shall constitute the decision and order of the Court.

Dated: March 21, 2012

                                                 E N T E R,

                                               /s/ Philip G. Minardo
                                               HON. PHILIP G. MINARDO