12-CV-3626 (MKB)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KIM DEPRIMA,

                            Plaintiff,

             -against-

CITY OF NEW YORK DEPARTMENT OF EDUCATION,

                            Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-122
New York, N.Y.  10007-2601

Of Counsel:   Benjamin Welikson
bwelikson@law.nyc.gov
Tel:   (212) 788-0924

Matter No.: 2012-032323

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT ............................................................................................................................... 8

    POINT I .......................................................................................................................... 8

        PLAINTIFF'S DUE PROCESS, EQUAL PROTECTION, FIRST AMENDMENT, AND, NEW YORK HUMAN RIGHTS LAW CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL. ...................................................................... 8

        A.   Claims Precluded by Plaintiff's Prior Article 75 Proceeding .................................................................................... 8

        B.   Claims Precluded by Plaintiff's Prior 3020-a Hearing. ................................................................................................ 9

    POINT II ....................................................................................................................... 11

        PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE ANY FIRST AMENDMENT, DUE PROCESS, EQUAL PROTECTION, OR TITLE VII CLAIMS .............................................. 11

        A.   Plaintiff Has Failed to Plead a First Amendment Claim ............................................................................................ 11

        B.   Plaintiff Has Failed Plead a Due Process Claim .............................. 12

        C.   Plaintiff Has Failed to Plead an Equal Protection Claim .................................................................................. 13

        D.   Plaintiff Has Failed to Plead a Title VII Claim ................................ 14

**Cases**                                                           **Pages**

POINT III ................................................................................................................ 15

    THE COURT LACKS JURISDICTION OVER PLAINTIFF'S NEW YORK HUMAN RIGHTS LAW CLAIM BECAUSE IT IS BARRED BY PLAINTIFF'S ELECTION OF REMEDIES. ........................................................................................ 15

CONCLUSION ............................................................................................................ 17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KIM DEPRIMA,

                                             Plaintiff,    12-CV-3626 (MKB)(LB)

        -against-

CITY OF NEW YORK DEPARTMENT OF
EDUCATION,

                                             Defendant.

------------------------------------------------------------------------ x


**PRELIMINARY STATEMENT**

Plaintiff Kim DePrima, a former teacher for defendant City of New York Department of Education ("DOE"), claims that she was terminated unlawfully from her position with the DOE subsequent to her involvement in a shooting that took place in January of 2011. Specifically, plaintiff claims that the DOE's termination of her employment violates the Equal Protection and Due Process clauses of the Fourteenth Amendment of the United States Constitution, the First Amendment of the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and Section 296(16) of the New York State Executive Law ("New York Human Rights Law" or "Human Rights Law").

Defendant now moves to dismiss plaintiff's Second Amended Complaint ("complaint") in it entirety pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure on the grounds that: (1) Plaintiffs Due Process, Equal Protection, First Amendment, and Human Rights Law Claims are precluded by the doctrine of collateral estoppel; (2) Plaintiff has failed to adequately state any First Amendment, Due Process, Equal Protection, or Title VII

claims; and (3) The Court lacks jurisdiction over plaintiff's Human Rights Law claim because it is barred by plaintiff's election of remedies.

## FACTUAL BACKGROUND[1]

Plaintiff began her employment with the DOE in 1996.  *See* Second Am Compl. ("Compl.") Ex. C[2] at 6.  On or about November 11, 2011, plaintiff was terminated from her position as a teacher for the DOE   Compl. Intro ¶¶ 3-4.[3] The events leading up to plaintiff's termination are enumerated below.

On April 16, 2009, plaintiff pled guilty to Manslaughter in the Second Degree under New York Penal Law § 25.15(1) "for recklessly causing the death of [her] 90 year old neighbor." Compl. Ex. A at 4, 7.  Plaintiff's manslaughter conviction stemmed from an incident in which she and another individual recklessly failed to restrain two pit bull dogs under their care.  *Id.* at 4, 6.  As a result of plaintiff's failure to control the dogs, the pit bulls escaped and attacked plaintiff's neighbor, mauling him and ultimately causing his death.  *See id.* at 4-6.

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's allegations are assumed to be true for purposes of this motion to dismiss only.  In addition to the allegations in plaintiff's complaint, this statement of facts relies upon the documents annexed to plaintiff's complaint, which include the three disciplinary hearings held pursuant to Section 3020-a of the New York Education Law.  Defendant also relies on the documents filed by plaintiff in her Article 75 petition in the case of *DePrima v. New York City Dep't o Educ.*, Sup Ct, Richmond County, Mar. 21, 2012, Minardo, J. Index No. 80343/11) as well as the records relevant to the claim of discrimination plaintiff filed with the New York State Division of Human Rights.  This Court may consider these documents in reviewing this motion.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (court resolving motion to dismiss can consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action); *Lakonia Management Ltd. v. Meriwether*, 106 F. Supp. 2d 540, 543 (S.D.N.Y. 2000) (the Court also properly may consider any document attached to the complaint as an exhibit or incorporated in it by reference, as well as matters of public record of which it can take judicial notice).

[2] Alphabetically designated exhibits refer to the exhibits annexed to incorporated by plaintiff's complaint.

[3] Plaintiff's Second Amended Complaint is divided into three numbered paragraphs sections.  The first section is labeled "PARTY ADDRESSES AND ACTION DATE," the second section is labeled "CAUSES OF ACTION," the third section is unlabeled.  For purposes of identification, defendant will cite to the first section as "Compl. Intro," the second section as "Compl.," and the third section, as "Compl. Wherefore."

Plaintiff conviction resulted in a sentence probation for a period lasting five years. *See* Compl. Ex. E at 2.

As a consequence of plaintiff's manslaughter conviction, the DOE preferred disciplinary charges and specifications against plaintiff pursuant Section 3020-a of the New York State Education Law, which sets forth the procedures for the discipline and termination of DOE employees. *See* Compl. Ex. A at 4-5; *see also* N.Y. Educ. Law §§ 3020-a *et seq.* Referencing the events surrounding plaintiff's conviction, the DOE preferred nine disciplinary charges and sought plaintiff's termination from the its employment. *See* Compl. Ex. A at 1, 4-5. Plaintiff's charges were adjudicated in a disciplinary arbitration hearing held pursuant Section 3020-a of the New York Education Law ("the 2009 3020-a hearing"), in which plaintiff was entitled to representation by counsel and was given the opportunity to present her case through witness testimony, cross-examination, and documentary evidence. *See generally* Compl. Ex. A; *see also* N.Y. Educ. Law §§ 3020-a *et seq.*[4]

On or about November 10, 2009, after fully considering the evidence adduced during the hearing, Arbitrator Bonnie Weinstock ("Arbitrator Weinstock") issued an Opinion and Award, which found that plaintiff had "recklessly caus[ed] the death of a 90 year old neighbor by failing to secure two violent dogs on her property," and that this misconduct was "unbecoming of a professional" in plaintiff's position. *See* Compl. Ex. A at 7-8. As a result of plaintiff's misconduct,[5] Arbitrator Weinstock suspended plaintiff for three months without pay. *See Id.* at 24.

---

[4] The 2009 3020-a hearing, which was the first of three disciplinary hearings that were conducted with respect to plaintiff, also adjudicated charges and specification relevant to plaintiff's time and attendance abuses. *See* Compl. Ex. A at 8-20, 23-24.

[5] The 2009 disciplinary award was also made in reliance on the time and leave abuses that were also the subject of the hearing. *See* Compl. Ex. A at 24.

Subsequent to the 2009 hearing, plaintiff was brought up on unrelated disciplinary charges based on her alleged improper acceptance of payments from the DOE for certain days in which she had taken sick leave but was not in fact sick and her alleged submission of false documentation requesting medically certified sick leave on days in which plaintiff had attended various court proceedings.  *See* Compl. Ex. B at 13-21.  These charges were adjudicated in a 3020-a hearing pursuant to the New York Education Law ("the 2010 3020-a hearing").  At the conclusion of the 2010 3020-a hearing, Hearing Officer Douglas Abel ("Hearing Officer Abel") dismissed all of the charges and specifications preferred against plaintiff except one, and fined plaintiff $500.00 as a penalty to "deter future" misconduct.  *See id.*

In January of 2011, plaintiff was involved in another incident in which she, and an associate of hers named Shawn Hicks, fired gun shots into the residence of plaintiff's ex-boyfriend Jermaine Gavins, and then fled the scene in a vehicle driven by plaintiff.  On January 8, 2011 Gavins filed a police statement which read:

> At or about 9 PM on [January 8, 2011] I was awaken [sic] from my sleep by someone pounding on my door.  I answered and an unidentifiable guy tells me Kim brought him to speak To [sic] me. While conversating [sic] with this guy Hicks comes out of [the next door residence] and askes "Wat I wanna do" [sic] I then returned to my apartment and called 911. The police arrived promptly and took a statement as the officers are pulling away Hicks comes back out of the next door apt [] and pulls a [b]lack pistol from his hoody pocket Hicks teels [sic] me "them niggsa gone now what" I told him to shoot.  Kim comes out of the next door apartment, leans over the rail and states "I told you you are dead mother fucker" My mother hears this and comes to the door so I push my mother away from the door close and lock it and call 911. As Im [sic] on the phone with the operator shoot [sic] come through my doors. I crept to the window to look out

>    and I seen Kim driving Hick in the passengers'
>    headed down toward Richmond Terrace.

Compl. C at 13-14.

On January 8, 2011, the police pulled plaintiff over while she was driving a vehicle - later identified as belonging to a relative of plaintiff's - and arrested her. *Id.* at 10-11. A criminal complaint was filed against plaintiff but she was not indicted. *Id.* at 15. Ultimately, the criminal complaint filed against plaintiff was dismissed due to Gavins' recantations and his refusal to cooperate with the police. *See id.*; *see also* Compl. Ex D.

Based on the underlying misconduct that was the subject of the criminal charges, the DOE preferred disciplinary charges and specifications against plaintiff. *See* Compl. Ex C at 1-6. These charges were adjudicated in a 3020-a hearing pursuant to the Education Law, which was held in June, August, and September of 2011 ("the 2011 3020-a hearing"). On August 30, 2011, prior to the conclusion of the 2011 3020-a hearing, plaintiff's criminal charges were dismissed by motion of the Richmond County District Attorney. *See* Compl. Ex. D. During the hearing to dismiss plaintiff's criminal charges, the District Attorney's Office represented that they were dismissing the charges against plaintiff due to Gavins' recantations. *See id.*

On November 14, 2011, Hearing Officer Mary Crangle ("Hearing Officer Crangle") issued an Opinion and Award based on the evidence adduced at the hearing and the testimony of numerous witnesses to the event. *See* Compl. Ex. C. Hearing Officer Crangle found that plaintiff had asked Hicks to accompany her to Gavins' residence with the specific intent of intimidating Gavins because of a financial disagreement. *See id.* at 4, 8, 17, 19-20. In addition, Hearing Officer Crangle determined that plaintiff had "acted together and in concert with Shawn Hicks to fire gun shots in the residence of Jermaine Gavins," had stated to Gavins "I TOLD YOU THAT YOU WAS DEAD," and had "fled . . . in a vehicle" belonging to plaintiff's

relative. *See* Compl. Ex. E at 2, 17. "The fact that the District Attorney ultimately chose not to pursue the matter [did] not mean the conduct did not occur." *See Id.* at 29.

Based on the findings made in the 3020-a Opinion and Award, Hearing Officer Crangle determined that plaintiff "demonstrated a lack of judgment which inured to the harm of other," and that it would be inappropriate to require the DOE "to assume the risk that . . . [plaintiff] could engage in conduct would jeopardize the well being of students entrusted to her care." *See id.* at 30. Consequently, Hearing Officer Crangle determined that plaintiff's conduct "constitute[d] just cause for termination," and plaintiff was dismissed from the DOE. *See id.* at 32.

On November 30, 2011, plaintiff commenced a proceeding in New York Supreme Court, Richmond County, against the DOE, seeking to vacate the 2011 3020-a Opinion and Award pursuant to Section 7511 of the New York Civil Practice Law and Rules ("CPLR") ("the Article 75 proceeding" or "the Article 75"). *See* Ex. 1.[6] In litigating the Article 75 proceeding, plaintiff argued that the Officer Crangle's decision to terminate her from her employment with the DOE violated the Due Process and Equal Protection Clauses of the 5th and 14th Amendments of the United States Constitution and Section 296(16) of the New York Human Rights Law. *See* Ex. 2. Specifically, plaintiff claimed that her rights were violated because, in making the determination to terminate plaintiff from the DOE, Hearing Officer Crangle inappropriately relied on evidence related to the underlying criminal conduct that was the subject of the criminal charges filed against plaintiff, which were ultimately dismissed. *See id.* By Decision and Order dated March 21, 2012, the New York Supreme Court dismissed plaintiff's petition in its entirety and upheld the 2011 3020-a award. *See DePrima v. New York City Dep't*

---

[6] References to all numerical exhibits are to those attached to the Declaration of Benjamin Welikson ("Welikson Decl."), dated March 1, 2013, submitted by defendants in support of the instant motion.

- 7 -

*of Educ.*, Sup Ct, Richmond County, Mar. 21, 2012, Minardo, J. Index No. 80343/11); *see also* Ex. 3.  In upholding the 2011 award, the court considered and rejected plaintiff's arguments based on the Constitution and New York Human Rights Law.  *See id.*

On February 15, 2012, plaintiff filed an administrative complaint against the DOE with the New York State Division of Human Rights ("SDHR").  *See* Exhibit 4.  Plaintiff's SDHR complaint alleged that the DOE had discriminated against her by commencing and conducting the 2011 3020-a hearing prior to the final disposition of the criminal charges that were then filed against her and by relying on evidence related to the underlying conduct that was the subject of those charges.  *See id.*  By Determination and Order After Investigation, dated May 17, 2012, the SDHR determined that there was no probable cause to believe that the DOE had discriminated against plaintiff and dismissed plaintiff's complaint in its entirety.  *See* Ex. 5.

Plaintiff commenced the instant action on July 20, 2012 and filed the instant Second Amended Complaint on February 6, 2013.  Defendant now moves to dismiss the Second Amended Complaint in its entirety.

# ARGUMENT[7]

## POINT I

### PLAINTIFF'S DUE PROCESS, EQUAL PROTECTION, FIRST AMENDMENT, AND, NEW YORK HUMAN RIGHTS LAW CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.

**A.     Claims Precluded by Plaintiff's Prior Article 75 Proceeding**

Plaintiff's Due Process, Equal Protection New York Human Rights law claims are barred by the doctrine of collateral estoppel because they were litigated and decided in plaintiff's prior Article 75 proceeding. "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give state-court judgments the same preclusive effect as they would receive in courts of the same state." *Burkybile v. Bd. of Educ.*, 411 F.3d 306, 310 (2d Cir. 2005). In New York state, "collateral estoppel bars consideration of an issue when (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the first proceeding. *Dolan v. Roth*, 170 Fed. Appx. 743, 746 (2d Cir. 2006) (internal quotations and alterations omitted). This bar applies, "irrespective of whether the tribunals or causes of action are the same." *Smith v. New York City Dep't of Educ.*, 808 F. Supp. 2d 569, 578 (S.D.N.Y. 2011). Thus, the manner in which a litigant style her arguments is not determinative of the doctrines application, so long as the issue to be precluded was "subsumed within the holdings" of the previous proceeding. *See Dolan*, 170 Fed. Appx. at 746 (holding that collateral estoppel barred a plaintiff's First Amendment and Due Process claims because they were subsumed within a New

---

[7] Pursuant to Rule 7.2 Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendant has provided *pro se* plaintiff with copies of cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases.

York Supreme Court holding that the defendant's actions were not "arbitrary and capricious" and were "fully in accordance with the law").

Here, plaintiff claims that her termination, which resulted from Hearing Officer Crangle's consideration of the conduct relevant to the criminal charges filed against her, violated her Due Process, Equal Protection, and Human Rights Law protections. *See* Compl. ¶¶ 8, 10, 12, 14, 21, 52. Such a claim is precluded because is it premised on issues that were necessarily litigated and decided in plaintiff's Article 75 challenge to the Hearing Officer Crangle's Opinion and Award. As the record demonstrates, plaintiff made these very same arguments, in support of her Due Process, Equal Protection, and Human Rights Law claims, in the Article 75 proceeding she filed in New York State court. *See* Ex. 2. Further, in upholding the 2011 3020-a award, the state court explicitly considered and rejected these arguments and determined that the decision to terminate plaintiff was rational and not "arbitrary and capricious." Accordingly, the issues plaintiff seeks to argue here "were actually and necessarily decided in [the DOE's] favor," and plaintiff is collaterally estopped from relying on them in this case. *See Dolan*, 170 Fed. Appx. at 747.

**B.      Claims Precluded by Plaintiff's Prior 3020-a Hearing.**

To the extent that plaintiff's seeks to assert a First Amendment retaliation claim, such a claim is also subject to collateral estoppel because of the issues determined in plaintiff's prior 3020-a hearing. The Second Circuit has held that "[c]ollateral estoppel . . . applies to administrative adjudications, including 3020-a hearings." *See Roemer v. Bd. of Educ. of the City of New York*, 150 Fed. Appx. 38, 39 (2d Cir. 2005); *see also Hunt v. Klein*, 476 Fed. Appx. 889, 891 (2d Cir. 2010); Burkybile, 411 F.3d at 311-12; *Smith v. New York City Dep't of Educ.*, 808 F. Supp. 2d at 578. Thus, so long as "the otherwise-applicable rules of preclusion" are met, a

party is barred from relitigating "issues or facts adjudicated" in a prior 3020-a proceeding. *See Roemer*, 150 Fed. Appx. 39-40.

For an employee to establish a First Amendment retaliation claim against a public employer, the employee must demonstrate that "(1) his speech addressed a matter of public concern, (2) he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action, so that it can be said that his speech was a motivating factor in the determination." *See Thomas v. New York City Dep't of Educ.*, 2011 U.S. Dist. LEXIS 32801, at *32 (E.D.N.Y. Mar. 28, 2011) (quoting *Cobb v. Pozzi*, 363 F.3d 89, 102 (2d Cir. 2003). However, even if a plaintiff establishes these factors, a public employer defendant can still prevail by demonstrating that "it would have taken the same adverse action regardless of the protected speech." *See Adams v. New York State Educ. Dep't*, 2010 U.S. Dist. LEXIS 15635, at *77 (E.D.N.Y Feb. 23, 2010) (quoting *Cobb*, 363 F.3d at 102), *adopted* 705 F. Supp. 2d 298 (E.D.N.Y. 2010). Thus, a finding made in a 3020-a proceeding that an employee was terminated for cause, precludes a subsequent First Amendment retaliation claim. *See Roemer*, 150 Fed. Appx. 39-49 (affirming dismissal of a plaintiff's First Amendment claim based on a finding that a plaintiff was "terminated for cause"); *see also Hunt*, 476 Fed. Appx. at 892 (affirming the denial of leave to replead a USERA claim as precluded by a 3020-a hearing because the findings "precluded [plaintiff] from arguing that the adverse actions he suffered were motivated by his membership in the armed forces); *Douglas v. New York City Dep't of Educ.*, 2010 U.S. Dist. LEXIS 129183 (S.D.N.Y. Dec. 3, 2013) (dismissing a claim under ADEA as precluded by a 3020-a decision).

Here, to the extent that plaintiff claims that she was terminated in retaliation for engaging in activity protected by the First Amendment,[8] such a claim is precluded by Hearing Officer Crangle's determination that there was just cause for plaintiff's termination. *See id.* As a result any First Amendment claim for retaliation should be dismissed.

### POINT II

### PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE ANY FIRST AMENDMENT, DUE PROCESS, EQUAL PROTECTION, OR TITLE VII CLAIMS

A complaint may be dismissed pursuant to Federal Rule 12(b)(6) where it fails to plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facts set forth in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions …" *Id.* (internal quotation marks and alteration omitted). "*Pro se* status does not . . . excuse a plaintiff from compliance with the Federal Rules of Civil Procedure." *Jenkins v. New York City Dep't of Educ.*, 2011 U.S. Dist. LEXIS 130815, at *7-8 (S.D.N.Y. Nov. 9, 2011).

**A.      Plaintiff Has Failed to Plead a First Amendment Claim**

Even assuming that plaintiff has intimated a claim under the First Amendment that is not precluded by the doctrine of collateral estoppel, any such claim should be dismissed for failure to establish a cognizable right to relief. "A plaintiff alleging First Amendment retaliation must first establish that his or her speech was protected by the First Amendment."

---

[8] A discussed below, plaintiff complaint fails to identify any speech or conduct that is protected by the First Amendment, providing alternative grounds for dismissal of any such claim.

*Thomas*, 2011 U.S. Dist. LEXIS 32801, at *31. Thus, "even assuming [that] retaliation was the motivating factor for the adverse action" of a defendant, where a plaintiff's activity "is not constitutionally protected, no retaliation claim lies." *Porter v. Goord*, 2009 U.S. Dist. LEXIS 62865, at *21 (W.D.N.Y. July 22, 2009). "[C]onduct that is analogous to criminal behavior is [not] constitutionally protected." *See id.* at 20; *c.f. Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490 (1949) ("It has never been deemed an abridgment of freedom of speech . . . to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed."); *United States v. Rowlee*, 899 F.2d 1275, 1278 (2d Cir.) ("Speech is not protected by the First Amendment when it is the very vehicle of the crime itself.").

Here, plaintiff claims that the DOE sought her termination because of her prior manslaughter conviction. *See* Compl. ¶¶ 26, 79-81. Such conduct is not protected under the First Amendment. *See Porter* at *20. Accordingly, any claims under the First Amendment should be dismissed.

### B.     Plaintiff Has Failed Plead a Due Process Claim

To the extent that plaintiff's Due Process claim is not barred by the doctrine of collateral estoppel, the complaint fails to establish a cognizable claim for relief. Plaintiff's Due Process claim is premised upon her contention that Hearing Officer Crangle erred during the 3020-a proceeding by failing to exclude evidence related to the criminal charges filed against her. *See* Compl. ¶¶ 21. Even assuming that consideration of this conduct constitutes an error of constitutional magnitude, plaintiff's Due Process claim fails as a matter of law because her Article 75 proceeding constitutes an adequate post-deprivation remedy.

"When a plaintiff brings a due process claim based upon random unauthorized acts by state employees, the Due Process Claim of the 14th Amendment is not violated . . . so

long as the State provides an adequate post-deprivation remedy." *Arredondo v. Cnty. of Nasau*, 2012 U.S. Dist. LEXIS 36156, at *32 (E.D.N.Y. Mar. 16, 2012); *accord Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988); *Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984); *Adams*, 2010 U.S. Dist. LEXIS 15635, at *106-07. Thus, even if a hearing officer failed to follow a statute or legal procedure in the context of a 3020-a hearing, New York State provides teachers with "a meaningful post deprivation remedy by permitting them to appeal . . . [the] decision by filing an Article 75 petition in New York State Supreme Court." *See Adams*, 2010 U.S. Dist. LEXIS 15635, at *107 (quoting N.Y. Educ. Law § 3020-a(5)). "So long as that process is available, a due process claim must be dismissed." *See id.* at 108 (internal quotations omitted); *see also Smith*, 808 F. Supp. 2d at 578 (holding that an Article 75 proceeding constitutes an adequate post-deprivation remedy).

Here, plaintiff had available to her, and in fact availed herself of, an Article 75 proceeding provided under the New York Education Law and the New York CPLR. That proceeding resulted in an affirmance of Hearing Officer Crangle's decision to terminate plaintiff from the DOE. Consequently, "[b]y having the opportunity to file [her] Article 75 petition . . . [plaintiff] received all the process that was due." *See Adams*, 2010 U.S. Dist. LEXIS 15635, at *108.

### C. Plaintiff Has Failed to Plead an Equal Protection Claim

Plaintiff claims that the DOE violated her Equal Protection rights because she was terminated for conduct that was the subject of criminal charges, which were later dismissed. *See* Compl. ¶¶ 19-20. To the extent that plaintiff's Equal Protection claim is not barred by the doctrine of collateral estoppel, the complaint fails to make out a cognizable claim for relief.

To make out an Equal Protection claim, "a plaintiff must demonstrate that [s]he was treated differently than others similarly situated as a result of intentional or purposeful

discrimination." *Cancel v. New York City Human Res. Admin.*, 2012 U.S. Dist. LEXIS 110706, at *21 (S.D.N.Y. Aug. 1, 2012). In the public employment context, however, a plaintiff "does not state a claim under the Equal Protection Clause by alleging that she was arbitrarily treated differently from other similarly situated employees unless the different treatment was based on [her] membership in a specific protected class." *See Massi v. Flynn*, 353 Fed. Appx. 658, 660 (2d Cir. 2009); *see also Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 605 (2008); *Conyers v. Rossides*, 558 F.3d 137, 151-152 (2d Cir. N.Y. 2009); *Porr v. Daman*, 299 Fed. Appx. 84, 86 (2d Cir. 2008); *Whithead v. City of New York*, 2012 U.S. Dist. LEXIS 148037, at *23 (E.D.N.Y. Oct. 15, 2012). Individuals with criminal histories do not belong to a protected class for purposes of the Equal Protection Clause. *See Whaley v. Lopez*, 2012 U.S. Dist. LEXIS 107802, at *31 (E.D.N.Y. July 30, 2012).

Here, plaintiff Equal Protection claim is based on her arrest and criminal history rather than any recognized category protected under the Equal Protection Clause. As a result, plaintiff's Equal Protection claim fails as a matter of law and should be dismissed. *See Conyers*, 558 F.3d at 151-152.

**D.     Plaintiff Has Failed to Plead a Title VII Claim**

Although the complaint only mentions Title VII once in the introductory section labeled "STATEMENT," the complaint generally claims that plaintiff was discriminated against based on her prior manslaughter conviction and criminal history. See Compl. ¶¶ 17, 18 , 66, 75, 79. Such allegations fail to establish a cognizable claim under Title VII. It is well established that a plaintiff's "criminal history cannot form the basis of a Title VII" claim. *See Quick v. Runyon*, 1997 U.S. Dist. LEXIS 21665, at *2-3 (E.D.N.Y. March 25, 1997); *accord Robinson v. Fleetboston Fin.*, 2005 U.S. Dist. LEXIS 34655, at *26-27 (N.D.N.Y. Sept. 28, 2005); *Gillum v.*

*Nassau Downs Reg'l off Track Betting Corp.*, 357 F. Supp. 2d 564, 569 (E.D.N.Y. 2005). Accordingly, plaintiff's Title claim should be dismissed.

## POINT III

### THE COURT LACKS JURISDICTION OVER PLAINTIFF'S NEW YORK HUMAN RIGHTS LAW CLAIM BECAUSE IT IS BARRED BY PLAINTIFF'S ELECTION OF REMEDIES.

Finally, to the extent that plaintiff's claim under the New York Human Rights Law is precluded by the doctrine of collateral estoppel, it is nevertheless barred by plaintiff's election to file a complaint with the SDHR. "[T]he election of remedies provision contained in section 297(9) of the [New York Human Rights Law] precludes [Human Rights Law] claims that were first brought before the []SDHR to be brought again as a plenary action in another court." *McDonald v. City of New York*, 786 F. Supp. 2d 588, 615 (E.D.N.Y. 2011) (quoting *York v. Assoc. of Bar of City of New York*, 286 F.3d 122, 127 (2d Cir. 2002)). Pursuant to this statutory requirement, a plaintiff asserting claims under the Human Rights Law is required to proceed either by filing a complaint in an administrative forum or by commencing a proceeding in state court. *See Moodie v. Fed. Reserve Bank of New York*, 58 F.3d 879, 884 (2d Cir. 1995); *Marine Midland Bank v. New York State Div. of Human Rights*, 75 N.Y.2d 240 (1989). The election of an administrative remedy under Section 297(9) deprives the district court of subject matter jurisdiction. *Moodie*, 58 F.3d at 882. Thus, once a claim is brought before the [SDHR], it may not be brought again as a plenary action in another court." *Marrero v. City of New York*, 2011 U.S. Dist. LEXIS 4358, 8-9 (S.D.N.Y. Jan. 13, 2011).

Here, plaintiff filed an administrative claim of discrimination with the SDHR alleging that her termination from the DOE violated the Human Rights Law. *See* Ex 4. By Determination and Order After Investigation, the SDHR determined that there was no probable

cause to believe that the DOE had discriminated against plaintiff and dismissed plaintiff's administrative complaint. *See* Ex. 5. Having elected to proceed with her discrimination claim before the SDHR, plaintiff is barred from asserting it in this Court. *See Moodie*, 58 F.3d at 884. Accordingly, plaintiff's New York Human Rights Law claim should be dismissed for lack of subject matter jurisdiction. *See id.* at 882.

## **CONCLUSION**

For the foregoing reasons, defendant New York City Department of Education respectfully requests that its motion to dismiss be granted, that judgment be entered in its favor and that it be granted costs and fees, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            March 1, 2013

>                               MICHAEL A. CARDOZO
>                               Corporation Counsel of the
>                                 City of New York
>                               Attorney for Defendant
>                               100 Church Street, Room 2-122
>                               New York, New York 10007-2601
>                               (212) 718-0924
>                               bwelikso@law.nyc.gov
>
>                               By:            /s
>                                  BENJAMIN WELIKSON
>                                  Assistant Corporation Counsel

BLANCHE GREENFIELD,
BENJAMIN WELIKSON.
    Of Counsel