12-CV-3626 (MKB)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KIM DEPRIMA,

                                                 Plaintiff,

-against-

CITY OF NEW YORK DEPARTMENT OF EDUCATION,

                                                 Defendant.

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

### MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-122
New York, N.Y. 10007-2601

Of Counsel:    Benjamin Welikson
bwelikson@law.nyc.gov
Tel:    (212) 788-0924

Matter No.: 2012-032323

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 2

ARGUMENT .............................................................................................................................. 2

    POINT I ........................................................................................................................ 2

        PLAINTIFF'S DUE PROCESS, EQUAL PROTECTION, FIRST AMENDMENT, AND, NEW YORK HUMAN RIGHTS LAW CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL. .................................................................. 2

        A. Claims Precluded by Plaintiff's Prior Article 75 Proceeding ............................................................................................ 2

        B. Claims Precluded by Plaintiff's Prior 3020-a Hearing. ............................................................................................... 5

    POINT II ....................................................................................................................... 7

        PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE ANY FIRST AMENDMENT, DUE PROCESS, EQUAL PROTECTION, OR TITLE VII CLAIMS ................................................. 7

        A. Plaintiff Has Failed to Plead a First Amendment Claim .............................................................................................. 7

        B. Plaintiff Has Failed Plead a Due Process Claim ................................. 8

        C. Plaintiff Has Failed to Plead an Equal Protection Claim ............................................................................................... 9

        D. Plaintiff Has Failed to Plead a Title VII Claim .................................. 9

| **Cases** | **Pages** |
|---|---|
| POINT III | 10 |
| THE COURT LACKS JURISDICTION OVER PLAINTIFF'S NEW YORK HUMAN RIGHTS LAW CLAIM BECAUSE IT IS BARRED BY PLAINTIFF'S ELECTION OF REMEDIES. | 10 |
| CONCLUSION | 11 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KIM DEPRIMA,

                                              Plaintiff,     12-CV-3626 (MKB)(LB)

                -against-

CITY OF NEW YORK DEPARTMENT OF
EDUCATION,

                                              Defendant.

------------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

Plaintiff Kim DePrima, a former teacher for defendant City of New York Department of Education ("DOE"), claims that she was terminated unlawfully from her position with the DOE subsequent to her involvement in a shooting that took place in January of 2011. Specifically, plaintiff claims that the DOE's termination of her employment violates the Equal Protection and Due Process clauses of the Fourteenth Amendment of the United States Constitution, the First Amendment of the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and Section 296(16) of the New York State Executive Law ("New York Human Rights Law" or "Human Rights Law").

On March 1, 2013 defendant moved to dismiss plaintiff's Second Amended Complaint ("complaint") in it entirety pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure on the grounds that: (1) Plaintiffs Due Process, Equal Protection, First Amendment, and Human Rights Law Claims are precluded by the doctrine of collateral estoppel; (2) Plaintiff has failed to adequately state any First Amendment, Due Process, Equal Protection,

or Title VII claims; and (3) The Court lacks jurisdiction over plaintiff's Human Rights Law claim because it is barred by plaintiff's election of remedies. For the following reasons, defendant's motion should be granted.

## FACTUAL BACKGROUND

For a full statement facts, the Court is respectfully referred to Defendant's Memorandum of Law in Support of Its Motion to Dismiss, dated March 1, 2013 ("Def.'s Mot."), as well as the exhibits submitted in support of the motion.

## ARGUMENT[1]

### POINT I

**PLAINTIFF'S DUE PROCESS, EQUAL PROTECTION, FIRST AMENDMENT, AND, NEW YORK HUMAN RIGHTS LAW CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.**

**A.  Claims Precluded by Plaintiff's Prior Article 75 Proceeding**

Plaintiff first that argues that her Equal Protection, Due Process, and New York Human Rights Law claims are not precluded by the prior proceeding in New York Supreme Court, Richmond County, against the DOE, seeking to vacate the 2011 3020-a Opinion and Award[2] pursuant to Section 7511 of the New York Civil Practice Law and Rules ("CPLR") ("the Article 75 proceeding" or "the Article 75"). According to plaintiff, issue preclusion should not apply here because 1) she was not represented by an attorney when she commenced the Article

---

[1] Pursuant to Rule 7.2 Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendant has provided *pro se* plaintiff with copies of cases and other authorities cited therein that are unpublished or reported exclusively on computerized databases.

[2] As discussed more fully in Defendant's Memorandum of Law in Support of Its Motion to Dismiss, the DOE preferred disciplinary charges and specifications against plaintiff pursuant to Section 3020-a of the New York State Education Law on three separate occasions. *See* Def.'s Mot to Dismiss at 3-6. The final set of charges was adjudicated in a disciplinary arbitration hearing held pursuant Section 3020-a of the New York Education Law in 2011 ("the 2011 3020-a hearing").

75 proceeding and 2) although plaintiff raised these claims when litigating the Article 75, they were not actually decided by the state court. Plaintiff's arguments are legally and factually incorrect.

To begin with, a *pro se* litigant is "bound by the same rules of law, including preclusion law, as those represented by counsel." *See Fertig v. HRA Med. Assistance Program*, 2011 U.S. Dist. LEXIS 48789, *13 (S.D.N.Y. 2011) (internal quotations omitted) (collecting cases). Thus, "[t]he mere fact that plaintiff proceeded *pro se* . . . does not sufficiently establish that [s]he was denied a full and fair opportunity to be heard." *Ennis v. Davies*, 1990 U.S. Dist. LEXIS 10500, at *5 (S.D.N.Y. Aug. 14, 1990); *accord Xu v. City of New York*, 2010 U.S. Dist. LEXIS 78404, at *17 (S.D.N.Y. 2010) (The fact[] that "a plaintiff" has been proceeding *pro se* . . . do[es] not indicate that she did not have an adequate opportunity to litigate her claims in state court"); *Ibrahim v. New York State Dep't of Health*, 692 F. Supp. 1471, 1473 (E.D.N.Y. 1988) (holding that "plaintiff has [not] met his burden of establishing that he did not have a full and fair opportunity to litigate" despite *pro se* status) (internal quotations omitted).

Further, plaintiff's contention that her claims were not actually decided in the prior Article 75 proceeding is without merit. To begin with, "[a]ppeals . . . from Education Law § 3020-a hearings are made pursuant to CPLR 7511, governing arbitrations." *Polito v. New York City Dep't of Educ.*, 2012 NY Slip Op 30018(U), *4 (Sup Ct, New York County Jan. 5, 2012); *accord Lackow v. Dep't of Educ.*, 51 A.D.3d 563, 567 (1st Dep't 2008). In this context, where the parties have submitted to compulsory arbitration, "judicial scrutiny is stricter," and requires that the "determination . . . be in accord with due process[,] . . . supported by adequate evidence, and . . . [be] rational and satisfy the arbitrary and capricious standards of CPLR article 78." *Lackow*, 51 A.D.3d at 567; *see also Mt. St. Mary's Hosp. v. Catherwood*, 26 N.Y.2d 493, 508

(1970).  In this context, the scope of review in a Article 75 may consider whether the adverse action was made "in bad faith, in violation of a constitutional or statutory provision, or in violation of decisional law."  *See Hoffmann v. Dep't of Educ.*, 2004 NY Slip Op 51952(U), *5 (Sup Ct, King County Mar. 17, 2004).

Further, an issue is 'actually decided,' under New York law, if it was "properly raised in the pleadings or otherwise placed in issue and actually determined in the prior proceeding."  *Richardson v. City of New York*, 2004 U.S. Dist LEXIS 2562, at *5 (S.D.N.Y. Feb. 20, 2004).  Thus, collateral estoppel will apply if "a different judgment in [a] second [action or proceeding] would destroy or impair rights or interests established by the first."  *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 501 (N.Y. 1984) (internal quotations omitted).  "Resolution of the issue in the first action," therefore, "need not have been explicit . . . if by necessary implication it is contained in that which has been explicitly decided."  *Lazer Elec. Corp. v. Cecchi*, 1998 U.S. App. LEXIS 3195 (2d Cir. N.Y. Feb. 26, 1998) (internal quotations omitted); *see also Dolan v. Roth*, 170 Fed. Appx. 743, 746 (2d Cir. 2006) (holding that a state court judgment in an Article 78 proceeding that the plaintiff's termination was "supported by a rational basis" . . . necessarily decided that he was not terminated as a result of "any of the impermissible motives described in his pleadings and submissions); *Linden Airport Mgmt. Corp. v. N.Y. City Econ. Dev. Corp.*, 2011 U.S. Dist. LEXIS 60283, at *19-20 (S.D.N.Y. June 1, 2011) (holding that a finding made by a New York State court in an Article 78 proceeding, which concluded that the defendant's actions had a rational basis, precluded the plaintiff's Due Process and Equal Protection claims); *Smith v. New York City Dep't of Educ.*, 808 F. Supp. 2d 569, 580 (S.D.N.Y. 2011) (The conclusion that "there existed just cause for the adverse employment actions . . . actually decided that [the plaintiff] cannot make out a *prima facie* case of discrimination").  *Batyreva v. N.Y. City Dep't of*

*Educ.*, 2010 U.S. Dist. LEXIS 105714, at *44-45 (S.D.N.Y. Oct. 1, 2010) (holding that an Article 75 judgment dismissing a challenge to a 3020-a award, precluded relitigation of a plaintiff's retaliation and discrimination claims).

Here, plaintiff does not, and cannot, dispute that she raised the same arguments with respect to her Equal Protection, Due Process, and Human Rights Law claims in her prior Article 75 proceeding. *See* Pl.'s Resp. and Mem. of Law in Supp. of Her Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp.") at 3; *see also* Ex. 2.[3] Indeed, the state court explicitly referenced these arguments in making its determination. *See id.*[4] In rejecting those claims, the state court found that there was no "rational basis to overturn" the decision to terminate plaintiff from her position. *See* Exhibit 2. Accordingly, these issues were actually litigated and necessarily decided in plaintiff's prior Article 75 proceeding and plaintiff is precluded from relitigating in them in this action. *See Dolan*, 170 Fed. Appx. at 746; *Batyreva*, 2010 U.S. Dist. LEXIS 105714, at *44-45.

## B. Claims Precluded by Plaintiff's Prior 3020-a Hearing.

Plaintiff next argues that her First Amendment retaliation claim is not precluded by the factual findings made during her 2011 3020-a hearing. According to plaintiff, the findings made by Hearing Officer Crangle are not preclusive because "the Arbitrator cannot rule on matters of state or federal law." *See* Pl.'s Opp. at 4. This analysis is flawed.

---

[3] References to all numerical exhibits are to those attached to the Declaration of Benjamin Welikson ("Welikson Decl."), dated March 1, 2013, submitted by defendants in support of the instant motion.

[4] Specifically, the Article 75 discussed plaintiff's argument that:

> [T]he [3020-a] arbitrator's decision should be vacated on numerous grounds including New York State and Human Rights Law § 296.16 and the "Equal Protection Rights under the 14th Amendment." Primarily, DePRIMA alleges that as a result of the criminal charges being dismissed and sealed, the arbitrator should be precluded from using any information from the proceeding in the arbitrator's determination.

*See* Exhibit 3 at 2. These arguments were rejected. *See id.*

Hearing Officer Crangle explicitly found that plaintiff's misconduct provided just cause to support her termination from the DOE. *See* Compl. Ex C at 32. This finding precludes plaintiff's First Amendment claim. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-86 (1977), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 120 (2d Cir. 2011); *Roemer v. Bd. of Educ. of the City of New York*, 150 Fed. Appx. 38, 39-40 (2d Cir. 2005).

To make out a claim for First Amendment retaliation, a plaintiff must demonstrate that "(1) h[er] speech addressed a matter of public concern, (2) [s]he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action." *Cobb v. Pozzi*, 363 F.3d 89, 102 (2d Cir. 2004). However, even if a plaintiff makes out a *prima facie* case, a defendant may prevail if it demonstrates that "it would have taken the same adverse action regardless of the protected speech." *Adams v. New York State Educ. Dep't*, 2010 U.S. Dist. LEXIS 15635, at *76-77 (S.D.N.Y. Feb 23, 2012); *accord Anemone*, 629 F.3d at 120. This defense, known as the *Mt. Healthy* defense, permits a defendant to rebut causation by showing that "even without the improper motivation, the alleged retaliatory action would have occurred." *See Anemone*, 629 F.3d at 120; *accord Mt. Healthy*, 429 U.S. at 287.

Here, the Hearing Officer's finding that plaintiff's misconduct were grounds for termination conclusively rebuts the causal element of plaintiff's First Amendment claim. *See id.* As a result, plaintiff is precluded from arguing that her "discharge was . . . in retaliation for the exercise of any First Amendment right." *See Roemer*, 150 Fed. Appx. at 40; *see also Hunt v. Klein*, 476 Fed. Appx. 889, 892 (2d Cir. 2012). Accordingly, plaintiff's First Amendment claim is precluded and should be dismissed. *See id.*

## POINT II

**PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE ANY FIRST AMENDMENT, DUE PROCESS, EQUAL PROTECTION, OR TITLE VII CLAIMS**

To the extent that plaintiff's claims are not precluded by the issues decided in her prior 3020-a Hearing and the prior Article 75 proceeding, plaintiff's allegations fail to state a claim of entitlement to relief.

**A.  Plaintiff Has Failed to Plead a First Amendment Claim**

Plaintiff first argues that her First Amendment claim "is not based on speech [but rather] . . . on protected conduct." Pl.'s Opp. at 5. Plaintiff, however, fails to identify any conduct in which she engaged that is protected under the First Amendment. As a result plaintiff's First Amendment claim fails as a matter of law.

"The Supreme Court has repeatedly rejected the view that [any manner of] conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea." *Zalewska v. County of Sullivan*, 316 F.2d 314, 319 (2d Cir. 2003) (quoting *United States v. O'Brien*, 391 U.S. 367, 376 (1968)). This is because, while "[i]t is possible to find some kernel of expression in almost every activity a person undertakes, . . . such a kernel is not sufficient to bring the activity within the protection of the First Amendment." *Dallas v. Stanglin*, 490 U.S. 19, 27 (1989). Thus, before conduct can be analyzed for First Amendment protection, "the reviewing court must find . . . an intent to convey a 'particularized message' along with a great likelihood that the message will be understood by those viewing it." *See Zalewska*, 316 F.2d at 319; *accord E. Hartford Educ. Assoc. v. Bd. of Educ. of the Town of E. Hartford*, 562 F.2d 838, 858 (2d Cir. 1977); *Schoolcraft v. City of New York*, 2012 U.S. Dist.

LEXIS 128557, at *28 (S.D.N.Y. Sept. 10, 2012). Here, the only conduct that plaintiff has identified is her involvement in an incident in which multiple gunshots were fired into the residence of her former boyfriend. Such conduct is not protected by the First Amendment. *See id.*

Moreover, to the extent that plaintiff argues that her First Amendment claim is dependent upon an underlying violation of New York Criminal Procedure Law, her argument is untenable. *See* Pl.'s Opp. at 3, 5 (citing N.Y. Crim. Proc. Law § 160.60). To begin with, the First Amendment does not encompass state law protections. *Lo Sacco v. Tosto*, 1998 U.S. App. LEXIS 12674, at *4 (2d Cir. 1998) ("[Evidence showing the illegality [of a defendant's action] under state law . . . is irrelevant to [the plaintiff's] First Amendment claim.") In any event, the fact that the same misconduct that was the subject of plaintiff's criminal charges also provided just cause for plaintiff's termination from the DOE, is not a violation of New York Criminal Procedure Law. Section 160.60 of New York Criminal Procedure Law does not "foreclose[e] a governmental agency . . . from inquiring into an employee's misconduct in evaluating [her] fitness for employment." *See Lacey v. Coughlin*, 97 A.D.2d 824, 825 (2d Dep't 1983); *accord Scales v. Maxwell*, 52 A.D.2d 719, 719 (4th Dep't 1976) ("Petitioner's prior criminal acquittal does not bar a subsequent administrative disciplinary hearing even though both proceedings arise out of the same incidents of misconduct."). Accordingly, plaintiff's First Amendment claim should be dismissed.

**B.     Plaintiff Has Failed Plead a Due Process Claim**

Plaintiff next argues that that her Due Process claim should survive dismissal because her claim is not predicated on a random, unauthorized act of a government employee but rather challenges the established procedures provided by the § 3020-a hearing process. Such a claim is untenable. The Second Circuit has expressly determined that the procedures established

pursuant to § 3020-a of the New York Education Law "provide[] all the process that is due" under the Due Process Clause of the Constituion. *See Roemer*, 150 Fed. Appx. at 40 (summarily rejecting the claim that that "section 3020-a violates equal protection of the law and due process by forcing tenured teachers to appeal 3020-a hearings via New York CPLR Article 75 instead of Article 78"); *see also Cozzi v. Great Neck Union Free Sch. Dist.*, 2009 U.S. Dist. LEXIS 74305, at *37 (E.D.N.Y. Aug. 21, 2009) ("[I]t is well established that the disciplinary procedures outlined in § 3020-a provide more than adequate procedural safeguards to satisfy the plaintiff's due process rights under the Fourteenth Amendment.") (internal quotations omitted).

**C.  Plaintiff Has Failed to Plead an Equal Protection Claim**

Plaintiff next asserts that her Equal Protection rights were violated because she "was a tenured teacher at the time of her termination" and was "treated differently than others similarly situated" to her. *See* Pl.'s Opp. at 7-8. As articulated in Defendants Motion to Dismiss, however, plaintiff's status as a public employee is the very reason that she fails to plead and Equal Protection claim. *See Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 605 (2008); *Conyers v. Rossides*, 558 F.3d 137, 151-152 (2d Cir. N.Y. 2009); *Porr v. Daman*, 299 Fed. Appx. 84, 86 (2d Cir. 2008); *Whithead v. City of New York*, 2012 U.S. Dist. LEXIS 148037, at *23 (E.D.N.Y. Oct. 15, 2012). Accordingly, plaintiff's Equal Protection claim should be dismissed.

**D.  Plaintiff Has Failed to Plead a Title VII Claim**

For similar reasons, plaintiff has failed to plead a claim under Title VII. In support of her claim to Title VII protection, plaintiff asserts that she is "a member of a protected class as a tenured teacher." *See* Pl.'s Opp. at 10. Tenured teachers, however, do not belong to a class that is protected under Title VII. *See* 42 U.S.C. § 2000e-2. Thus, plaintiff's Title VII claim should be dismissed.

# POINT III

## THE COURT LACKS JURISDICTION OVER PLAINTIFF'S NEW YORK HUMAN RIGHTS LAW CLAIM BECAUSE IT IS BARRED BY PLAINTIFF'S ELECTION OF REMEDIES.

Finally, plaintiff's Human Rights Law claim should be dismissed because it is barred by her filing of a previous complaint with the New York State Division of Human Rights ("SDHR"). Plaintiff does not contest that she challenged her termination from the DOE by filing an administrative complaint with the SDHR. She claims, however, that her Human Rights Law claim should not be barred because "she presents claims in the complaint that are different that those raised" previously. *See* Pl.'s Opp. at 11. However, "[t]he election-of-remedies bar is not limited to the precise claims brought in the administrative proceeding, but extends to all claims arising out of the same events." *Wiercinski v. Mangia 57, Inc.*, 2010 U.S. Dist. LEXIS 66498, at *7 (E.D.N.Y. July 2, 2010); *accord Coppedge v. New York City Sales Inc.*, 2011 U.S. Dist. LEXIS 104231, at *7-8 (S.D.N.Y. Sept. 8, 2011) (holding that "the election of remedies provisions of N.Y. Exec. Law § 297(9) and N.Y. City Admin. Code §8-502(a)" applied even though "the Complaint contain[ed] additional and modified facts."). Accordingly, plaintiff's New York Human Rights Law claim should be dismissed.

## CONCLUSION

For the foregoing reasons, defendant New York City Department of Education respectfully requests that its motion to dismiss be granted, that judgment be entered in its favor and that it be granted costs and fees, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        April 15, 2013

        MICHAEL A. CARDOZO
        Corporation Counsel of the
         City of New York
        Attorney for Defendant
        100 Church Street, Room 2-122
        New York, New York 10007-2601
        (212) 718-0924
        bwelikso@law.nyc.gov

By:       **/s**
     BENJAMIN WELIKSON
     Assistant Corporation Counsel