
RECEIVED
FEB 24 2014
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
KIM DEPRIMA,

        Plaintiff,

    -against-

CITY OF NEW YORK DEPARTMENT OF
EDUCATION,

        Defendant.

-----------------------------------------------X

PLAINTIFF'S OBJECTION TO THE REPORT
RECOMMENDATION OF MAGISTRATE JUDGE
12-CV-3626 (MKB) (LB)

## BACKGROUND

Pursuant to an extension request filed and granted by this Court under 28 U.S.C. Section 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, PLAINTIFF now files an objection to the Report and Recommendation of this Court.

On January 15, 2014, this issued a Report and Recommendation suggesting to the District Court that it dismiss the claims of Plaintiff against the Defendants. This Court concluded that the Plaintiff was not barred by collateral estoppel because the state court decision did not "subsume" the crux of Plaintiff's claims, but that it did decide Plaintiff's equal protection claims holding that they are barred because the state court held that the decision of the arbitrator was not arbitrary and capricious and therefore was "essentially a finding that it was rational." Additionally, this court held that the Plaintiff was provided a full and fair opportunity to litigate her claims. The court concluded that Defendant's failed to demonstrate that Plaintiff was barred by collateral estoppel from presenting a First Amendment retaliation claim.

Finally, this Court held that because Plaintiff failed to state a claim on which relief could be granted, it recommends that the District Court dismiss the suit for the following reasons; (1) there can be no equal protection violation where a "public employee's claim that she was intentionally treated...differently than others similarly situated...for arbitrary, vindictive or malicious reasons;" (2) because the Plaintiff had a 3020-a hearing that provided her with safe guards, Plaintiff received all of the process that was due; (3) that the Defendant's had a right to inquire into the conduct underlying the termination even if a state court had sealed the criminal proceeding related to that conduct; (4) that the Constitution does not protect the private affairs of the Plaintiff because the conduct complained of touched on matters of public concern; (5) Plaintiff was not part of a protected class under Title VII and (6) that Plaintiff's New York Human Rights law claims are barred by the Election of Remedies doctrine.

Plaintiff objects to this Court's Report and Recommendation because the holding here reads the precedents of the Second Circuit too narrow and combines several of the claims made into what appears to be a single class and does not address many of the other claims that would appear to have merit and present a genuine issue of fact for a jury to decide. Plaintiff discusses the specific objections in tandem below.

I. Plaintiff's Article 75 Proceeding

This Court held that the state court did not decide the crux of the Plaintiff's Constitutional claims, but that the

Equal Protection claims were decided because the state court's ruling was essentially a finding that the arbitrator's decision was rational. Thus the Plaintiff's claims on this issue should be dismissed. The Plaintiff disagrees. While the state court's decision might be held as rational, it does not contain any ruling on whether the arbitrator's decision was biased against the Plaintiff in light of the allegations that the Defendant's actions were a deceptive tactic, calculated for the purposes of seizing an opportunity to finally terminate Plaintiff. Additionally, the record is clear that there was conflicting evidence and testimony regarding the events of January 7, 2011 and the ruling of the arbitrator can clearly be seen as biased in the face of that record. If the arbitrators decision was biased as it is alleged and plead in the Complaint, which must be accepted as true, then the Plaintiff has demonstrated that she did not receive a full and fair hearing.

The Second Circuit has held that where an arbitrator has been found to be biased, a Plaintiff has met its burden and a jury should determine the matter. Kotler v. Donelli 2013 U.S. App. LEXIS 12437 (2nd Cir. 2013) As in Kotler, where the Second Circuit determined after the District Court considered the evidence of the statements of the arbitrator, finding them contradictory on that evidence as biased, the same is alleged here. Plaintiff alleged and plead that the arbitrator was biased because the evidence relied on was contradictory. This does not challenge the credibility of the witnesses, but merely raises the factual issue of whether the arbitrator was biased in the decision that was made. Because there is no finding that there was no bias, Plaintiff did not receive all of the process that she was due in the prior hearing.

II. Failure to State a Claim

A. Equal Protection

This Court has concluded that the Plaintiff through the Complaint attempts to raise a "class of one" theory under the 14th Amendment, which has been rejected by the Supreme Court. (Engquist v. Oregon Dep't of Agr., U.S. 591 (2008)) Plaintiff disagrees with this conclusion. There is no challenge to the Defendant's discretion in evaluating a public employee's fitness to do a particular job. The Court narrows the claims of the Plaintiff by listing only three isolated claims under the Equal Protection clause. The Complaint list several other claims that are sufficient to survive a motion to dismiss and create a clear factual foundation sufficient to be heard by a jury. Here, the Equal Protection Clause protects a Plaintiff who was singled out and punished or inhibited from exercising constitutional rights or by a malicious or bad faith intent to injure the person. Garden City Center Association v. Incorporated Village of Garden City U.S. App. LEXIS 20216 (2d. Cir. 1999)

It is clear from the Complaint that Plaintiff alleged and plead that she was singled out based on malicious and bad faith intent by the Defendants to injure her. Given the fact that Plaintiff alleged a pattern of bad faith allegations lodged against her over a two year period, all of which were dismissed, this is a genuine issue of fact that a jury should decide. Defendant's do not dispute these allegations, the court must accept them as true. In doing so, the Equal Protection Clause requires that the Plaintiff be given an opportunity to prove these allegations to a jury.

B. Due Process

As mentioned above, Plaintiff did not receive all the process that was due because she was dealing with a biased arbitrator, who was willing, in the face of contradictory evidence terminate the Plaintiff. There were no safe guards in place at the hearing that protected the Plaintiff from this bias. That is a factual dispute not resolved by the state court and not resolved by this court and it is an issue sufficient enough to survive a motion to dismiss. The fact that the Plaintiff had constitutional remedies available to her does not mean that they were afforded to her sufficient to defeat the bias of the arbitrator. (Kotler v. Donelli 2013 U.S. App. LEXIS 12437 (2d Cir. 2013). If the arbitrator was biased, there was no full and fair hearing. Even if the court is correct with regard to its other conclusions, it is not permitted to decide issues fact that are reserved to a jury.

Whether the issue of due process revolves around (a) claims based on established state procedures or (b) claims based on random unauthorized acts by state employees, a decision on those grounds as stated here are of no moment because they do not resolve the issue of whether due process was provided in the face of bias allegations leveled at the arbitrator with more than sufficient factual claims.

This court narrowly reads New York State Law Section 160.50 and New York Human Rights Law Section 296(16) in holding that neither of these statutes prevents an employers inquiry into conduct underlying the charges. Plaintiff strongly disagrees. Upon a reading of these statues, New York State law does not prohibit the administrative inquiry into employee conduct which arises out of behavior that directly relates to the employee being able to do his/her job. There is no dispute in that regard. But the statutes at issue here precisely say that

criminal action which has been terminated in favor of the Plaintiff is to be a nullity. It further states that arrest are also to be barred. Furthermore, the statutes say that the only way arrests and prosecutions may be considered is by permission of another statute or authorization by a superior court.

While this court goes through great length to explain precedential decisions about whether sealed information can be allowed, it does not address what New York State statute what New York superior court authorized the release of sealed information in this case to be used against the Plaintiff. If these statues do not prevent the shielding of such conduct, then this court should provide concrete support for its position on guidance from New York courts. Absent such guidance, then the New York Court of Appeals or the New York Supreme Court should clarify if this court is following the law. Here, the facts are monumentally different than the cases cited by the court. Because the due process clause centers on fairness and equality, the issue of whether the case could have proceeded based on the criminal conduct is essential. It must also be pointed out that the court only cites to criminal cases on this matter, it does not rely on any civil case sustaining such a holding. Plaintiff does not mean to say that a governmental agency is always precluded from inquiring into an employee's misconduct. However, when there is a substantial question as to whether the conduct can be considered to have taken place in the face of an allegation of bias supported the record, the New York statutes shielding such conduct should not be read so narrowly to prejudice the Plaintiff.

C. First Amendment

This court draws a fatal conclusion with regard to Plaintiff's First Amendment complaint. It holds that the Plaintiff's association with "the shooter do not touch on matters of public concern." Plaintiff disagrees. There has been no finding that the Plaintiff was the shooter or that by design caused the shooting to occur. The First Amendment protects speech and the right of an individual to associate with whoever they choose. Implied in that right is the freedom to associate with someone that the Defendant's may not like. Plaintiff was a public school teacher, who made a choice to associate with another private individual who may or may not have made some questionable decisions. Her employment as a public school teacher was a matter of public concern.

The public had a right to know about the alleged shooting and who was involved. Learning that the Plaintiff may have been involved, the public did not protest her continued employment. It touched on a matter of public concern because other teachers in the public school system will have to now choose with whom they associate based on the what the Department of Education dictates is an acceptable relationship for a public school teacher. The founders did not envision, when they enshrined private protections in the first amendment, a society or public in which the choices of association would be dictated by those who employed public school teachers.

The record makes it clear that Plaintiff had more that an acquaintance with the alleged shooter. It is clear from the record of the hearing that the arbitrator made the Plaintiff's "intimate association" an issue where two prior arbitrators had held that the Plaintiff's "questionable choice in men" is not an appropriate ground on which to base a disciplinary hearing. The choice of who to date and share intimacy with is a prime example of "the fundamental elements of personal liberty." Plaintiff's loss of her employment is a classic example of guilt by association which is prohibited by the constitution. The fact that the Plaintiff odes not go into deal in the complaint about the details of the private and intimate relationship she shared cannot be grounds for the court allow dismissal.

Furthermore, the court holds, "Plaintiff insists that rather than protected speech, she engaged in conduct protected by Section 160.50." There has been no admission by Plaintiff that she engaged in the conduct complained of. Her position is that the conduct itself cannot be said to have occurred where it was rejected both by her and the person first making the claims.

D. Arrest and Underlying Conduct

This courts concludes that the Plaintiff's due process claim must also fail because the "[when the] hearing officer bases the determination not on the fact that a person was arrested, but on the conduct underlying that arrest, there is no violation of New York Human rights Law Section 296(16)." The Plaintiff disagrees. Defendants could not have learned about the conduct unless there had been an arrest. The Defendants have not claimed that they were investigating the Plaintiff for conduct prior to this incident. They could not have learned it from the media until after the Pla:itiff had been arrested by the police. As such, there can be no rational holding that the arbitrator's decision was not based on the arrest. It had to be based on the arrest or there would be no case.

Only after the arrest and subsequent information did the Defendants bring these charges. Had there been no arrest, there would have been no reason to investigate. While the Plaintiff agrees that conduct can be subsequently investigated, that conduct must be related directly to the Plaintiff's ability to perform her job. For example, had the Plaintiff been under investigation because her private life spilled over into the classroom with random public arguments on school grounds or in school classrooms or field trips; then the Defendants would have been well within their rights to conclude that Plaintiff was not fit to teach. But the opposite is true here. There was no history that Plaintiff acted in a way that was unbecoming that of a professional teacher.

It also appropriate then to look to New York State law, if Plaintiff had been returned to the position that she was in prior to the Defendants learning of the arrest as was required, it would have been appropriate for the Defendants to hold a hearing based on the fitness of the Plaintiff to teach without considering the arrest or the conduct that brought it about. The arbitrator would have had no opportunity to be biased and the only determination that could have been made would have come from the Plaintiff's history as a teacher and any current actions in the classroom that could have appropriately supported her termination, that is not the case here.

E. The Burden Shifting Analysis under Equal Protection

The court in its Report and Recommendation requires more of the Plaintiff than is required under Federal Rules of Criminal Procedure, specifically Rule 8(a) and shifts the burden from the Defendants to the Plaintiff holding that Plaintiff fails to state a claim. This is a clear violation of the burden shifting analysis set out in McDonnell Dougals v. Green 411 U.S. 792, 801 93 S. Ct. 1817 36 L.Ed 2d 668 (1973). There the Supreme Court held that a Plaintiff must only show that; (1) they had membership in a protected group; (2) qualification for the positon; (3) adverse employer action and; (4) circumstances that support discrimination. (Swierkieiez v. Sorama NA 534 U.S. 506 122 S. Ct. 992 152 L.Ed 2d 1 (2002)

Here, Plaintiff has met all four prongs, Plaintiff is a tentured teacher and is protected under the Equal Protection Clause as a group; she was more than qualified for the position she held; it is clear that Plaintiff suffered an adverse employer action; and Plaintifff has plead more than sufficient factual circumstances that give rise to an inferance of discrimination. The Second Circuit has held that under the McDonnell Douglas analysis the Plaintiff's requirement in the pleading process is de minimus. All that is required is for the Plaintiff to put Defendants on notice of the claims that they must defend against. Fisher v. Vassar College 114 F. 3d 1332 (2d Cir. 1996). The Circuit has also held that under McDonnell Douglas the focus is on an evidentiary standard not a pleading requirement and a District Court may not unjustly impose a heightened pleading requirement on a Plaintiff. Boykin v. Key Corp 521 F.3d 202 (2nd Cir. 20017).

There is no doubt that Plaintiff has met the test under McDonnell Douglas and that this court requires of the Plaintiff more than is necessary under that standard. Plaintiff has presented more than a sufficient factual from which a trier of fact could find that the Defendants discriminated against her and that the arbitrator was biased. For this reason, Plaintiff objects to the Report and Reccomendation holding that Plaintiff has failed to state any claims.

This court's commentary in footnote 18 only serves to demonstrate why the founding fathers enshrined in the Constitution the separation of powers between the states and the federal government; as well an equal protection clause that would prevent the state from depriving a citizen of a protected right without due process. The court concludes on its own that there was "substantial evidence" that the Plaintiff engaged in "questionable conduct" and equates Plaintiff to conduct for which Plaintiff was never found guilty and where a state court of competent jurisdiction dismissed such conduct with prejudice. This court's cite to Lorain Journal Co. v. Milkovich 474 U.S. 953, 958 (1985) sets forth ideals of the goal of the public school system; of which neither this court nor the Defendants presented any evidence that Plaintiff could not and has not achieved. Plaintiff actions did not create negative publicity, she never possessed nor did she discharge a firearm that day. The record demonstrates that she was an outstanding teacher, that two separate arbitrators concluded the exact opposite of this court and the Defendants; holding that her private life was not subject to scrutiny in determining her ability "to be a role model nor her ability" to "speak credibly about conflict resolution" or how to be a responsible citizen."

Plaintiff objects to the Report and Recommendation of this court because it narrowly reads the law in favor of the state wrongfully depriving Plaintiff her employment; even in the face of clear allegations of bias and a concerted and defined effort designed to achieve her termination. The court in this Report and Recommendation allows the state to deprive a private citizen of a constitutionally protected right. The Constitution makes clear that it is the right of the people to decide by a jury of their peers whether the state acted appropriately in depriving a private citizen of such a right. This Report and Recommendation eviscerates that right and gives enormous power to the state in support of more expansive federal government.

Plaintiff respectfully and strongly objects to this Report and Recommendation. Furthermore Plaintiff request this court to reconsider its Report and Recommendation to the District Court in light of this objection.

Respectfully submitted,

Kim Deprima
Plaintiff
Staten Island, New York
February 24, 2014