12-CV-3626 (MKB)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KIM DEPRIMA,

                              Plaintiff,

                -against-

CITY OF NEW YORK DEPARTMENT OF
EDUCATION,

                              Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE BLOOM'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS**

### ZACHERY W. CARTER
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-111
New York, N.Y. 10007-2601

Of Counsel:   Benjamin Stockman
bstockma@law.nyc.gov
Tel:   (212) 356-4078

Matter No.: 2012-032323

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KIM DEPRIMA,

                                                              Plaintiff,     12-CV-3626 (MKB)(LB)

                -against-

CITY OF NEW YORK DEPARTMENT OF
EDUCATION,

                                                              Defendant.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

Plaintiff Kim DePrima, a former teacher for defendant City of New York Department of Education ("DOE"), claims that she was terminated unlawfully from her position with the DOE subsequent to her involvement in a shooting that took place in January 2011. Specifically, plaintiff claims that the DOE's termination of her employment violates the Equal Protection and Due Process clauses of the Fourteenth Amendment of the United States Constitution, the First Amendment of the United States Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and Section 296(16) of the New York State Executive Law ("New York Human Rights Law" or "Human Rights Law"). Defendant moved to dismiss the Second Amended Complaint. (Dkt. 19-22.)

Magistrate Judge Bloom recommended that this Court grant Defendant's motion to dismiss in a written opinion dated January 15, 2014. (Report and Recommendation ("R&R"), Dkt. 25.) Plaintiff filed objections to Magistrate Bloom's R&R on February 24, 2014. (Dkt. 27.)

Defendant now responds to Plaintiff's objections that 1) Magistrate Bloom improperly narrowed plaintiff's equal protection claim, improperly applied the McDonnell-Douglass framework, and failed to allow her "class of one" theory to proceed; 2) Magistrate Bloom improperly concluded that New York Criminal Procedure Law Section 160.50 and New York Human Rights Law Section 296(16) do not prevent employers from inquiring into the conduct underlying an arrest for employment discipline; and 3) Magistrate Bloom improperly concluded that Plaintiff's association with a shooter charged and convicted of a crime did not trigger First Amendment protection.

## ARGUMENT

**MAGISTRATE JUDGE BLOOM'S REPORT AND RECOMMENDATION PROPERLY FOUND THAT PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RELIEF**

### A. The Court Should Adopt Magistrate Judge Bloom's Recommendation to Dismiss Plaintiff's Equal Protection Claim

Plaintiff alleges that she is not collaterally estopped from bringing an equal protection claim even though she litigated the same equal protection claim in an Article 75 proceeding because she claims the Article 75 court did not address bias from the introduction of evidence underlying her criminal investigation. (Plaintiff's Objections, Dkt. 27, § I.) However, Magistrate Bloom correctly noted that Plaintiff presented her equal protection allegations to the state court in her Article 75 proceeding, and Plaintiff's Article 75 Petition confirms Magistrate Bloom's finding. (See R&R, Dkt. 25, § I(A) at 11; Plaintiff's Article 75 Petition, Welikson Decl., Exh. 2., Dkt. 20, Attach. # 2.) Plaintiff cites Kotler v. Donelli, 528 Fed. Appx. 10 (2d Cir. 2013) as requiring rejection of Magistrate Bloom's recommendation, but the case is inapposite. Kotler presented the issue of whether a prison disciplinary determination that a weapon belonged

to the plaintiff collaterally estopped the plaintiff from proving in a subsequent federal litigation that prison officials planted the weapon in the plaintiff's cell.  Id. at 12.  The Second Circuit reversed a grant of summary judgment, finding that prison disciplinary hearings were more lax than other administrative hearings and entitled to less preclusive effect.  The Second Circuit also based its decision on new evidence presented by the plaintiff on appeal that was unavailable at the time of the administrative hearing.  That evidence supported his theory that the weapon was planted, including evidence that the hearing officer made a statement implicating himself in the conspiracy.  Id. at 13.  In contrast, the Second Circuit has ruled that Section 3020-a hearings, such as the one Plaintiff was afforded, are entitled to preclusive effect (Burkybile v. Bd. Of Educ. of the Hastings-on-Hudson Union Free Sch. Dist., 411 F.3d 306, 308 (2d Cir. 2005)), and Magistrate Bloom found that the "new" evidence Plaintiff now proffers in federal court is not the type of significant evidence that would diminish the fairness of her Article 75 proceedings.  (R&R, Dkt. 25, §§ I(A)-(B) at 12-13.)  Therefore, Magistrate Bloom correctly held that Plaintiff was estopped from raising this claim again in federal court.

Moreover, Magistrate Bloom correctly held that Plaintiff failed to plead a plausible equal protection claim.  Plaintiff appears to argue that her "class of one" theory should proceed notwithstanding the case law cited by Magistrate Bloom to the contrary, or in the alternative, contends that Magistrate Bloom failed to consider "several other claims that are sufficient to survive a motion to dismiss".  (Dkt. 27, § II(A).)  Plaintiff does not specify what claims she believes Judge Bloom failed to address and her objection on this ground is conclusory and meritless.  Moreover, Plaintiff's citation to the summary order in Garden City Ctr. Assocs. v. Incorporated Village of Garden City, 1999 U.S. App. LEXIS 20216 (2d Cir.  Aug. 20, 1999) is inapposite because, as Judge Bloom noted in her R&R, Plaintiff failed to allege that she was a

member of a suspect class. Garden City Ctr. Assocs. addressed a plaintiff association's claim that it was entitled to certain benefits established by statute, that it had been singled out and denied such benefits for malicious reasons, while other organizations entitled to the same statutory benefits were afforded the benefits. As Magistrate Bloom correctly noted, in the context of a public employee claiming an equal protection violation against her employer, the Supreme Court has refused to "constitutionalize the employee grievance" and so Plaintiff's "class of one" theory cannot support a viable claim. (R&R, Dkt. 25, § II(A) at 15.) (citing Engquist v. Oregon Dep't of Agr., 553 U.S. 59 (2008); Appel v. Spiridon, 531 F.3d 138 (2d Cir. 2008)).

**B.     The Court Should Adopt Magistrate Judge Bloom's Recommendation to Dismiss Plaintiff's Due Process Claim.**

Magistrate Bloom correctly found that Plaintiff was afforded all the process she was due through the Section 3020-a and Article 75 proceedings. Plaintiff advances the same arguments in her objections to Magistrate Bloom's R&R that she advanced in her Article 75 Petition and the Second Amended Complaint, namely, that the arbitrator was biased because the arbitrator admitted evidence of the conduct underlying plaintiff's arrest, in alleged violation of N.Y. C.P.L. § 160.50 and N.Y. Human Rights Law § 296(16). (Plaintiff's Objections, Dkt. 27, § II(B); Plaintiff's Article 75 Petition, Welikson Decl., Exh. 2., Dkt. 20, Attach. # 2.) But Magistrate Bloom addressed this argument in detail, noting that Article 75 and Section 3020-a proceedings provide constitutionally sufficient protections and redress for allegations of procedural bias in governmental actions. (R&R, Dkt. 25, § II(B) at 15-18) (citing DeMichele v. Greenburgh Cent. Sch. Dist., 167 F.3d 784, 789 (2d Cir. 1999); Salanger v. U.S. Air, 611 F. Supp. 427, 432 (N.D.N.Y. 1985)). Judge Bloom in her analysis even gave Plaintiff the benefit of assuming, arguendo, that the admission of sealed information was improper, but correctly noted

that the admission of evidence sealed by § 160.50 did not constitute an error of constitutional magnitude. (R&R, Dkt. 25, § II(B) at 20.) (citing several state criminal cases holding that admission of information protected by §160.50 did not constitute constitutional error, and noting that alleged procedural defects that do not offend the constitution in criminal cases do not offend the constitution in civil cases).

**C. The Court Should Adopt Magistrate Judge Bloom's Recommendation to Dismiss Plaintiff's First Amendment Claim.**

Plaintiff's objection to Magistrate Bloom's recommendation to dismiss her First Amendment claim is merely a rehash of the same arguments she made in her opposition to Defendant's motion to dismiss. Magistrate Bloom correctly concluded that Plaintiff's personal dealings with her ex-boyfriend and the alleged shooter do not touch on matters of public concern, citing Singer v. Ferro, 711 F.3d 334, 339 (2d Cir. 2013) (speech calculated to redress personal grievances not speech touching on public concern). (R&R, Dkt. 25, § II(C) at 21-22.) It cannot reasonably be construed from the Second Amended Complaint that Plaintiff engaged in her relations with her ex-boyfriend or the alleged shooter for some broader public purpose. Indeed, Plaintiff has argued and alleged at every stage of her legal proceedings that she wished to keep her private dealings private. Magistrate Bloom's conclusion as to an intimate association claim also is well grounded in law. Noting that the only association pled in the complaint was plaintiff's acquaintance with the shooter, Magistrate Bloom pointed out that courts in the Second Circuit have not recognized intimate association claims based on friendships. (Id. at 22.) Magistrate Bloom correctly decided these matters of law and properly recommended dismissal of Plaintiff's First Amendment claim.

**D.   The Court Should Adopt Magistrate Judge Bloom's Recommendation to Dismiss Plaintiff's Title VII Claim.**

Magistrate Judge Bloom properly concluded that Plaintiff failed to state a claim under Title VII of the Civil Rights Act because she did not allege she was discriminated based on a status protected by Title VII. (R&R, § II(D) at 23). As noted in the Equal Protection section of Magistrate Bloom's decision, plaintiff's claims are based on factors "such as her criminal history, disciplinary history, or pending criminal charges", none of which are protected by either the Equal Protection clause or Title VII . (R&R, § II(B) at 15). Contrary to plaintiff's assertion, the fact that she was a tenured teacher does not mean that she was a member of a protected group within the meaning of Title VII. Since Plaintiff failed to set forth any facts that she was discriminated against based on one of the protected characteristics under Title VII, Magistrate Bloom properly dismissed her claim. The burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) requires that a plaintiff first allege sufficient facts at the pleading stage to set forth a plausible prima facie case to proceed with a claim. The McDonnell-Douglas framework cannot save a plaintiff who fails to plead an element of a claim under Title VII. Since Plaintiff here failed to allege she was a member of a class protected by Title VII, Magistrate Judge Bloom properly recognized that she failed to state a claim and recommended dismissal.

## **CONCLUSION**

For the foregoing reasons, defendant New York City Department of Education respectfully requests that the Court adopt Magistrate Judge Bloom's R&R and grant Defendant's motion to dismiss, that judgment be entered in Defendant's favor, and that Defendant be granted costs and fees, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 10, 2014

                              ZACHERY W. CARTER
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-111
                              New York, New York 10007-2601
                              (212) 356-4078
                              bstockma@law.nyc.gov

                              By:            /s
                                    BENJAMIN E. STOCKMAN
                                    Assistant Corporation Counsel

TO:   Kim DePrima
       *Pro se* Plaintiff
       158 Willowbrook Road
       Staten Island, NY 10302  (By First Class Mail)